# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Lawrence Graham,

    Plaintiff

v.

U.S. Bank, et al.,

    Defendants

2:16-cv-02284-JAD-VCF

**Order Denying Motion for Temporary Restraining Order and Motion for Preliminary Injunction**

[ECF Nos. 8, 9]

Pro se plaintiff Lawrence Graham sues U.S. Bank and Quality Loan Service for wrongful-foreclosure and related claims,[1] and he has filed a motion for a temporary restraining order and a motion for a preliminary injunction.[2] Graham seeks an order rescinding the foreclosure sale of his property and enjoining any further transfer of the property. I find that Graham has not met the standard for obtaining injunctive relief because he has failed to demonstrate that he is likely to suffer irreparable harm in its absence, so I deny the motions.

## Discussion

The legal standard for issuing a temporary restraining order and the legal standard for preliminary injunctive relief are "substantially identical."[3] In *Winter v. Natural Resources Defense Council, Inc.*, the Supreme Court clarified that the standards "require[] a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that [a temporary restraining

---

[1] ECF No. 10.

[2] ECF Nos. 8, 9.

[3] *See Stuhlbarg Intern. Sales Co. v. John D. Brush and Co.*, 240 F.3d 832 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the "analysis is substantially identical for the injunction and the TRO").

order] is in the public interest.'"[4]  "[I]f a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied."[5]

The second *Winter* factor requires Graham to demonstrate that he is likely to suffer irreparable harm if not granted injunctive relief.  "Irreparable harm is traditionally defined as harm for which there is no adequate legal remedy, such as an award of damages."[6]  "Those seeking injunctive relief" must do more than just state or argue that they will suffer irreparable harm, they "must proffer evidence sufficient to establish a likelihood of irreparable harm."[7]

The bulk of Graham's amended complaint and the pending motions consists of general allegations about the alleged predatory lending practices that led to the housing-market crash.  It appears that Graham is a trustee of the "23411 Winecka Trust," which owns a 7% interest in a property located in Washington State that the defendants foreclosed on and sold.  Graham does not explain or offer any evidence to show that he will likely suffer irreparable harm in the absence of injunctive relief.  The property has already been sold, and Graham does not allege or offer evidence to show that he owns another property that will be subject to defendants' allegedly illegal lending and foreclosure practices.[8]  Because the test for preliminary injunctive relief requires satisfaction of

---

[4] *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

[5] *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting with emphasis *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

[6] *Arizona Dream Act Coalition v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014) (citing *Rent-A-Center., Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991)).

[7] *Herb Reed Enter., LLC v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1251 (9th Cir. 2013), cert. denied, 135 S.Ct. 57 (2014).

[8] Graham alleges that the trust "will be irreparably harmed by the predatory lending practices of the lender in this matter and further damaged by the illegal foreclosure practices of quality," ECF No. 8 at 2, but he does not explain how the trust will be harmed or offer any evidence to back up this assertion.

all four *Winter* factors, failure to satisfy any one of them—as Graham has failed to demonstrate likelihood of irreparable harm here—requires denial of this request for a temporary restraining order and a preliminary injunction.[9]

## Conclusion

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Graham's second motion for temporary restraining order **[ECF No. 8]** and second motion for preliminary injunction **[ECF No. 9] are DENIED.**

Dated this 7th day of November, 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

[9] I also note that, even if Graham satisfied the *Winter* factors, whatever third party the defendants sold the property to is not a party to this action, and Graham has not demonstrated to me that this court has the authority to enjoin a non-party from selling or encumbering the property—especially because the property is located in another state. Graham's complaint also raises serious concerns about whether this is the proper venue for Graham's claims.